UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


DANIEL PEREZ                            :              CIVIL ACTION NO. 2:12-cv-2924


VERSUS                                  :              JUDGE MINALDI


ERIC HOLDER ET AL                       :              MAGISTRATE JUDGE KAY


REPORT AND RECOMMENDATION


Before the court is a Motion for Summary Judgment filed by the Federal Bureau of

Prisons (BOP) asking this court to enter summary judgment in its favor pursuant to Federal Rule

of Civil Procedure 56. Plaintiff, Daniel Perez, an inmate at the Federal Correctional Institute in

Oakdale, Louisiana, opposes the motion.

I.
FACTUAL STATEMENT & PROCEDURAL HISTORY

Plaintiff is an inmate in custody of the BOP and is currently incarcerated at the Oakdale

Federal Correctional Complex in Oakdale, Louisiana.  In November of 2011, plaintiff submitted

a request under the Freedom of Information Act (FOIA) seeking:

      a.     All records regarding his placement in the SHU on 04-15-10 at
           Coleman I;
      b.     All records regarding his transfer on 05-11-10 at U.S.P. Atlanta;
      c.     All records regarding an incident on 7-23-10 at U.S.P. Atlanta; and
      d.     All records regarding his placement in the SHU on 5-13-11 at
           U.S.P. McCreary."

Doc. 1, pp. 7-8.  The BOP responded to this request with a letter informing the plaintiff that

some seventy-eight pages of records were reviewed in connection with his request and that, of

those seventy-eight pages, fourteen were being released in their entirety and seventeen were

being released with excisions. The remaining forty-seven pages were being withheld "because they contain third-party information and information intended for staff use only…[and] release of this information would tend to inhibit…communication between Department of Justice employees,…could reasonably constitute an unwarranted invasion of privacy,….disclose techniques and procedures for law enforcement investigations or prosecutions and…endanger the life or…safety of any person." *See Id*. at p.11.  The reasons stated by the BOP for withholding the documents all implicated specific statutory exemptions provided under 5 USC §552(b).

Thereafter, the plaintiff appealed the BOP's decision to withhold the forty-seven pages of documents from disclosure. His appeal was partially successful. By letter dated September 6, 2012, the plaintiff was notified that "after carefully considering [his] appeal, and as a result of discussions between BOP personnel and [the Office of Information Policy, Department of Justice]," four additional pages were being released in full and one page was being released in part. Nonetheless, the letter further informed the plaintiff that the BOP's earlier decision was otherwise affirmed. As a result, forty-two pages that had been initially reviewed were not disclosed on grounds that they met the exemption provisions provided in FOIA. *Id*. at p.14-15.

This lawsuit followed on November 13, 2012.  Pursuant to 5 USC § 552(a)(4)(B) the plaintiff filed a complaint seeking the release of the forty-two pages withheld from disclosure by the BOP on the grounds that he was improperly denied access to them. He also seeks compensation for the "cost, time, and effort incurred" in bringing the claims asserted. *Id*. at p. 4.

On April 29, 2014, the BOP filed the instant motion for summary judgment seeking dismissal of the plaintiff's suit on grounds that it conducted a reasonable search for the requested documents, and the decision to withhold the disputed pages was justified under the statutory exemptions to FOIA, notably those found 5 USC §§ 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E-F).

*See* Doc. 23, att. 1, pp. 5-11.  Attached to the motion is (1) a declaration by Donna Johnson, a paralegal with BOP, describing the agency's search for and ultimate decision to withhold the documents now sought as well as (2) a "*Vaughn* index" briefly describing the documents and information withheld from the plaintiff, and detailing their relation to the exemptions discussed above.  Alternatively, and in the event this court finds the index insufficient to establish that the information in question is exempt from FOIA, the BOP requests an *in camera* inspection of the documents so that the validity of their non-disclosure may properly be accessed. Doc. 23, att. 1, p. 12.

On July 21, 2014, the plaintiff filed a "Brief in Opposition To Defendant's Motion For Summary Judgment" to which he attached his own declaration detailing the course of events that led up to the filing of this suit and also reiterating the factual assertions made in his initial complaint. Doc. 32; *Id*., att. 1.  In opposition, the plaintiff generally claims (1) that the BOP acted in bad faith when it denied his FOIA request and (2) that summary judgment is inappropriate because there are genuine issues of material fact remaining in the suit. He challenges the adequacy of the BOP's search and the agency's reasons for withholding the documents in question. *Id*. at p. 3.  He seems to suggest that access to the documents he requested was denied due to his purported membership in a gang and because of his sentence under the Racketeer Influence and Corrupt Organization Act (RICO). Specifically, he asserts the presence of the following "issues of disputed Material Facts:"

    a.    Whether search by BOP was conducted From the Premise that Gang Membership and Serving a Sentence Under the [RICO] violated BOP policy.

    b.    Whether the Withheld or Redacted documents From search was based on the Premise that Gang Membership And Serving a Sentence under [RICO] violated BOP policy.

   c.  Whether the Withheld or Redacted documents From search Show Actual Violations of BOP Policy By Plaintiff To Justify His Placement in the SHU at Coleman I on 4-15-10.

   d.  Whether The Withheld or Redacted documents From Search Show Plaintiff's Transfer on 05-11-10 From Coleman I to USP Atlanta As "Special"…and Justified.

   e.  Whether the Withheld or Redacted documents From Search Reflect That of Plaintiff's Narrative…of 7-23-10 incident at USP Atlanta.

   f.  Whether the Withheld or Redacted documents From Search Show a Predetermination in Plaintiff's Placement in the SHU on 05-13-11 at McCreary (and subsequent placement in SHU).

*Id*. at p. 2.[1]  The plaintiff's opposition concludes with the assertion that an *in camera* inspection is unwarranted in this case but requests appointment of counsel should we deem it necessary to conduct one.  *Id.* at p. 7.

## II.
### SUMMARY JUDGMENT STANDARD

  Cases arising under the Freedom of Information Act ("FOIA) "are typically and appropriately decided on motions for summary judgment."  *Short v. U.S. Army Corps of Engineers*, 593 F. Supp. 2d 69, 73 (D.D.C. 2009) (citing *Miscavige v. IRS,* 2 F.3d 366, 368 (11th Cir.1993) and *Rushford v. Civiletti,* 485 F.Supp. 477, 481 n. 13 (D.D.C.1980)).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(c). A fact is "material" if its

---

[1] The plaintiff's claims seem indicate that he seeks discovery of the information contained in the documents withheld, but in FOIA actions discovery is generally disfavored. *Judicial Watch, Inc. v. U.S. Dep't of Justice,* 185 F.Supp.2d 54, 65 (D.D.C.2002). Courts permit discovery in FOIA cases only where a "plaintiff has made a sufficient showing that the agency acted in bad faith." *Voinche v. FBI,* 412 F.Supp.2d 60, 72 (D.D.C.2006) (citing *Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 812 (2d Cir.1994)). For reasons discussed *infra* we do not find that the plaintiff has sufficiently shown that the BOP acted in bad faith in failing to disclose any of the requested documents and thus we decline to permit any discovery in this case.

existence or nonexistence "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir.1999).

As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim." *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir.1996).  Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*.

### III.
### LAW & ANALYSIS

FOIA generally provides access to the citizenry of most forms of government records. Unless exempted by the Act, all documents are available to the public. *McCorstin v. Dept. of Labor,* 630 F.2d 242, 244 (5th Cir.1980) (citing *Vaughn v. Rosen,* 484 F.2d 820, 821 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977 (1974)).

The burden of showing that the document falls within an FOIA exemption lies with the agency seeking to prevent the disclosure of a document. 5 U.S.C. §552b(a)(4)(B). In a FOIA

case, a court "generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions. *Batton v. Evers,* 598 F.3d at 175 (5th Cir.2010). Generally this is done with the submission of the affidavit or declaration of a person who is at least generally familiar with the documents, procedures, and methods employed in assessing FOIA claims. *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138-39 (D.D.C. 2008).  In the analysis of those affidavits and declarations, the agency is entitled to a "presumption of legitimacy" unless there is evidence of bad faith in handling the FOIA request. *Batton*, at 176. However, this presumption does not relieve the withholding agency of its burden of proving that the factual information sought falls within the statutory exemption asserted. *Id*.

Accordingly summary judgment on the basis of an agency affidavit or declaration[2] is warranted if the declaration or affidavit: (1) reasonably articulates the scope and method of the search conducted, (2) describes the documents and the justifications for nondisclosure with reasonably specific detail, (3) demonstrates that the information withheld logically falls within the claimed exemption, and (4) is not controverted by either contrary evidence in the record or evidence of agency bad faith. See *Smith v. Env't & Natural Res. Div.*, 521 F. Supp. 2d 87, 89 (D.D.C. 2007) and *Benavides v. United States Marshals Service*, 990 F.2d 625 (5th Cir. 1993) (citing *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981)).

### A.  Adequacy of Search

"An agency may demonstrate that it conducted an adequate search by showing that it used 'methods which can be reasonably expected to produce the information requested.'" *Batton*

---

[2] Both affidavits and declarations, such as the one presented in this case, are equally probative in this context. *Justice v. I.R.S.*, 798 F. Supp. 2d 43, 46-47 (D.D.C. 2011) *aff'd*, 485 F. App'x 439 (D.C. Cir. 2012); *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998).

*v. Evers*, 598 F.3d 169, 176 (5th Cir. 2010) (quoting *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57,

68 (D.C.Cir.1990)).   Moreover, since the ultimate "issue is *not* whether other documents may

exist, but rather whether the search for undisclosed documents was adequate[,]" an agency's

search will not be presumed inadequate simply because the agency did not find the requested

documents. See *Oglesby,* 920 F.2d at 68 and *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475

F.3d 381, 391 (D.C.Cir.2007).

In this case BOP relies on the declarations submitted by Donna Johnson to demonstrate

the adequacy of the search conducted.  In her declaration, Ms. Johnson asserts that in FOIA cases

like the one at bar,

> I track the collection of documents and send reminders to staff in the field
> regarding outstanding searches to be conducted. I also interview staff
> members concerning the existence of records and the systems of records
> that they maintain and search in the course of their official duties. Due to
> the nature of my official duties…I am personally familiar with the
> procedures followed by the BOP in responding to requests made pursuant
> to the FOIA. In addition to the FOIA statute itself, requests for BOP
> records are governed by the Department of Justice's FOIA regulations, *see*
> 28 C.F.R. Part 16, the BOP's FOIA regulations, *see* 28 C.F.R. Part 513,
> and BOP Program Statement 1351.05, *Release of Information* (September
> 19, 2002). In this case specifically, I maintained the administrative files
> intact from the time the request was filed through release and afterward in
> anticipation of possible litigation.

Doc. 23, att. 3, p. 3.  She further claims that she is familiar with the plaintiff's case and that she

processed his initial request. The search conducted in connection therewith produced some

seventy-eight pages of documents. It is clear that each page was reviewed because forty-seven of

those were eventually withheld. *Id*.

We find Ms. Johnson's declaration sufficient to establish that the search in this case was

adequate. She was personally responsible for processing the plaintiff's request and she did so

according to standard procedures which ultimately produced a multitude of documents many of

which were provided to the plaintiff. Moreover, beyond his conclusory allegation that the search

"was conducted from the premise that gang membership and serving a sentence under the RICO Act violated BOP policy and or regulation[,]" [doc. 32, p. 3] the plaintiff offers no "tangible evidence of bad faith" to rebut the Johnson affidavit. *Payne v. Dep't of Justice*, 121 F.3d 704 (5th Cir. 1997) (internal citations omitted). Thus, we conclude that the BOP has satisfied its burden of showing an adequate and reasonable search.

### B.  BOP's Justifications for FOIA Exemptions

#### 1.       Exemption 5 U.S.C. § 552(b)(5)

Exemption (b)(5) protects "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency.... "It protects from disclosure the attorney work product, staff opinions and recommendations that precede a final agency decision and that are part of the agency's deliberative process. *NLRB v. Sears Roebuck,* 421 U.S. 132, 154–155, 159–160 (1975). In sum, it "protect[s] the decision-making processes of government agencies" and "encourage[s] the frank discussion of legal and policy issues" by ensuring that agencies are not "forced to operate in a fishbowl." *Wolfe v. Department of Health & Human Services*, 839 F.2d 768, 773-4 (D.C.Cir.1988).  In order to fall under the deliberative process privilege, a document must be both deliberative and pre-decisional in nature. *Id*.

The BOP has asserted this exemption to withhold in full or in part, information contained in documents 9-10, 13-16, and 21 as they are listed in the *Vaughn* index provided with the BOP's motion for summary judgment.  The index indicates that the documents consist of (1) a request for the plaintiff's transfer to an SMU, (2) a memorandum relating to that transfer, (3) an Inmate Protective Custody Investigative Report, (4) an Addendum to the Case File Concerning Protective Custody, (5) an investigative document concerning the threat posed by the plaintiff's

custody and transfer to the general population, and (6) an SMU Referral Recommendation.  The index further notes that the information withheld concerns issues relating to whether and why the plaintiff should be confined in a more restrictive environment and whether his release into the general population would pose risks of danger to himself or other inmates. It further specifies that all of the documents exempted pursuant to (b)(5) reflect the agency's utilization of a deliberative process with respect each of the documents, stating that "[b]ecause [the plaintiff] remains in BOP custody and evaluation of his security classification is ongoing, the pre-decisional nature of the question remains intact." Doc. 23, att. 4, pp. 5-10, 14.

We find this description sufficient to warrant exemption under (b)(5).

### 2.       *Exemptions 5 U.S.C. § 552(b)(6) and (b)(7)(C)*

Exemption (b)(6) provides for the protection of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

According to the U.S. Supreme Court, "the primary concern of Congress in drafting Exemption [(b)(6)] was to provide for the confidentiality of personal matters…" and "we do not think that Congress meant to limit [the exemption] to a narrow class of files containing only a discrete kind of personal information." *U. S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599-602 (1982) (citing *Department of the Air Force v. Rose,* 425 U.S. 352, 372 (1976)). Thus, courts have generally given Exemption (b)(6) a broad interpretation "because the protection of an individual's privacy interests surely was not intended to turn upon the label of the file which contains the damaging information." *Id.* at 601.

Notwithstanding its broad interpretation, a defendant seeking to rely on the exemption must still, as a threshold matter, establish (1) that the information requested is "contained within

'personnel and medical files and similar files[,]'" and then (2) "that disclosure thereof 'would constitute a clearly unwarranted invasion of personal privacy…'"  This second inquiry requires a court to balance the public's right to disclosure against the protected individual's right to privacy. *Voinche v. F.B.I.*, 940 F. Supp. 323, 329-330 (D.D.C. 1996), *aff'd*, 1997 WL 411685 (D.C. Cir. June 19, 1997) (quoting 5 U.S.C. § 552(b)(6)) *and* (citing *Rose*, 425 U.S. at 375, n. 14).

Similarly, exemption (b)(7)(C) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." It is intended to protect the privacy of any person mentioned in the requested documents and files compiled for law enforcement purposes. *Fabiano v. McIntyre*, 146 Fed. App'x 549, 550 (3d Cir.2005); *Rugiero v. DOJ*, 257 F.3d 534, 552 (6th Cir.2001).

According to its *Vaughn* index, the BOP relies on these exemptions for withholding documents 1-3, 7, 11, and 13-23. The documents contain information revealing the identities (and in some cases the personal information) of inmates, staff, visitors, and other persons who provided information to BOP authorities concerning the plaintiff's threat level, necessary security measures, and information generally provided in background checks in order to obtain entry into a high-security prison. In many instances, the documents reveal dates of birth, addresses, home telephone numbers, criminal histories, and even social security numbers. The Johnson declaration notes that in evaluating each of these documents

> …information was scrutinized to determine the nature and strength of the privacy interest of any individual whose name and/or identifying information appears in the documents at issue…the public interest in the requested information was determined to be information that might shed light on BOP's performance of its mission. In each instance where information was withheld pursuant to exemption (b)(6) and (b)(7)(C), the BOP determined that the individuals' privacy interests were not outweighed by the public interest in disclosure.

Doc. 23, att. 3, p. 7.  We find these justifications sufficient to warrant exemption under (b)(6) and (b)(7)(C).

   3.      ***Exemption 5 U.S.C. § 552(b)(7)(E) and (b)(7)(F)***

   Exemption (b)(7)(E) provides protection for law enforcement information relating to investigative or prosecutorial techniques or procedures that if revealed "could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 522(b)(7)(E); *McQueen v. United States*, 264 F. Supp. 2d 502, 521 (S.D. Tex. 2003).

   Exemption (b)(7)(F) exempts from disclosure "records or information compiled for law enforcement purposes…to the extent that…production...could reasonably be expected to endanger the life or physical safety of *any* individual." 5 U.S.C. § 552(b)(7)(F) (emphasis added). "Portions of documents that contain identities of law enforcement personnel are properly withheld if disclosure would endanger the life or physical safety of such individuals." *Blanton v. U.S. Dep't of Justice,* 182 F.Supp.2d 81, 86 (D.D.C.2002). "Withheld identities also may include non-law enforcement persons who assist the government in its criminal investigation...." *Id.*  This exemption provides "broad protection to the identities of individuals mentioned in law enforcement files." *Jimenez v. Fed. Bureau of Investigation,* 938 F.Supp. 21, 30 (D.D.C.1996).

   The BOP relies on these two exemptions to justify withholding documents 1-8 and 10-23. Information contained in those documents generally relates to the plaintiff's leadership role in a prison gang and the dangers associated with such a position to the plaintiff himself, to other inmates, and to other persons outside of the prison. In addition, the documents contain information regarding law enforcement investigative techniques used to gather information about prison and street gang methods and threat levels in light of gang composition within the correctional facility itself. Several of the documents are described as "tools [which]

support…and warn law enforcement of potential danger and promote the exchange of information in investigations." *See* Doc. 23, att. 4, pp. 12, 13, and 16.

Ms. Johnson's declaration illustrates in detail the justifications for exempting these documents from disclosure under both Exemptions (b)(7)(E) and (b)(7)(F).   Releasing the documents at issue with respect to these exemptions, Ms. Johnson noted, would reveal not only the identity of a particular investigative agency, but also the specific law enforcement methods employed in conducting investigations as well as whether a law enforcement agency has an interest in a particular individual. Doc. 23, att. 3, p. 8. Naturally, "[w]ith this information, criminals could modify their criminal behavior, thereby preventing detection…and risking circumvention of the law." *Id*.   Furthermore, Johnson aptly stated that "[b]ecause Perez is the leader of prison gangs, it is crucial that documents concerning him be handled with great care. An improper release could endanger Perez himself, his visitors and family, other inmates, staff, and people in the free world." We find these justifications sufficient to warrant exemption under (b)(7)(E) and (b)(7)(F).

## C.  *Plaintiff's Showing of Bad Faith*

Having found that the BOP has successfully established its case for the non-disclosure of the plaintiff's requested documents under the stated exemption provisions of FOIA, our analysis must now turn to the issue of whether the plaintiff has successfully established that the BOP acted in bad faith in denying his requests.

We find that he has not. The plaintiff has made only a general and conclusory allegation of bad faith and has produced no tangible evidence to support it. Doc. 32, p. 7.  Furthermore, we are not persuaded by his apparent assertion that the agency's consideration of his gang membership as a determinative factor in withholding the documents at issue clearly illustrates

the BOP's bad faith. We find it abundantly clear that the plaintiff's membership in a gang is a wholly legitimate concern in matters related to his safety, the privacy and safety of others, and the investigatory and security measures used in the correctional institutions in which he is housed.

We think that the BOP's motion for summary judgment should therefore be granted.

## IV.
### CONCLUSION

Accordingly, and for the reasons stated above, **IT IS RECOMMENDED** that the Defendants' Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 1st day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE